**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Luis S.C.[1], <br><br> Plaintiff, <br><br> v. <br><br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CIVIL NO. 25-1463 (GLS) |

**ORDER**

Plaintiff Luis S.C. filed a Complaint seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. Docket No. 1. On September 3, 2025, this case was referred to the undersigned for disposition. Docket Nos. 4-5. On April 1, 2026, the Commissioner moved the Court to enter an order reversing its final decision and remanding Plaintiff Luis S.C.'s case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docket No. 20. The Court granted the Commissioner's request and entered Judgment remanding Plaintiff's disability insurance benefits claim for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Docket Nos. 21-22.

On May 31, 2026, Plaintiff filed an unopposed motion requesting attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Docket No. 23. Under section 2412(d)(1)(A) of the EAJA, a court shall award to a prevailing party, other than the United States, fees and other expenses incurred by that party in any civil action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. See 28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in any civil action under the EAJA requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no special circumstances make an award unjust; and (4) that any fee application be submitted to the court within 30 days of final judgment, supported by an itemized statement as required by 28 U.S.C. § 2412(d)(1)(B). See Comm'r I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

---

[1]    Plaintiff's last name is omitted for privacy reasons.

Plaintiff requests that the fees be paid directly to Plaintiff's attorney, if Plaintiff does not have any debt to the Federal Government that would be subject to offset under the U.S. Treasury Program. Docket No. 23. Plaintiff claims that he complied with all the statutory requirements under the EAJA for the award of attorney's fees. Id.

Considering that the parties reached an agreement as to the amount to be paid pursuant to the EAJA (Docket Nos. 23-24), the Court **GRANTS** Plaintiff's request for attorney's fees against the United States of America in the amount of $6,288.75, plus $402.00 in costs, for a total amount of **$6,690.75**.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 28th day of July 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

2